Judges Confer at Headquarters—County Court House, Cincinnati.
Judges—Wade Cushing, Robert E. Buchwalter and Francis M. Hamilton.
Stenographer—Jule Laughlin, Courthouse, Cincinnati.

#### Second District (Columbus)

Judges' Headquarters—County Court House, Columbus.
Presiding Judge—H. L. Ferneding.
Judges—Albert Kunkle, Springfield; J. I. Allread, Greenville.
Stenographer—

#### Third District (Lima)

Judges' Headquarters—Court House, Lima.
Presiding Judge—
Judges—E. N. Warden, Napoleon; Kent W. Hughes, Lima; Phil. M. Crow, Kenton.
Stenographer—

#### Fourth District (Marietta)

Judges' Headquarters—Court House, Marietta.
Judges—Roscoe T. Mauck, Gallipolis; E. D. Sayre, Athens; Wm. H. Middleton, Waverly.

#### Fifth District (Mansfield)

Judges—Lewis B. Houck, Mt. Vernon; Robert S. Shields, Canton; Frank N. Patterson, Ashland.
Stenographer—

#### Sixth District (Toledo)

Judges' Headquarters at Court House, Toledo.
Judges—R. R. Kinkade, Toledo; Silas S. Richards, Clyde; Charles E. Chittenden, Toledo.
Stenographer—George J. Baumgartner, Toledo.

#### Seventh District (Youngstown)

Judges' Headquarters—Court House, Youngstown.
Presiding Judge—John Pollock, St. Clairsville.
Judges—Louis T. Farr, Lisbon, James W. Roberts, Jefferson.
Stenographer—Irene Patricia Reilly.

#### Eighth District (Cleveland)

Judges' Headquarters—County Court House, Cleveland, Main 3285.
Presiding Judge—Willis Vickery,
Judges—John J. Sullivan, Manuel Levine.
Stenographer—Meta Brueggeman.
Calendar of term times in Eighth District:
Cuyahoga County, at Cleveland, September 11, April 3.

#### Ninth District (Akron)

Judges—William E. Pardee, Akron; Ross W. Funk, Wooster C. G. Washburn, Elyria.
Stenographer—E. H. Hauenstein.

---

No. 781

### LAUGHBAUM v. FLICKINGER et al

Ohio Appeals, 3rd District, Crawford County
No. 969.   Decided May 29, 1923

**37.  ASSESSMENTS.**

Lands on opposite sides of highway belonging to same person are separately charged for public improvements regardless of combination on tax duplicate.

CROW, J.

#### Epitomized Opinion

This was a suit brought by Laughbaum to enjoin part of an assessment for the improvement of a public road.  Laughbaum owned a farm of 156 a[cres] through which extended an improved public ro[ad]. Although 154 acres of this land was on one side of the road and 4 acres on the other side of the road, the entire acreage was carried on the tax duplicate as one tract.   The assessment in question was made on the basis of foot frontage and in fixing the assessment against plaintiff's land the number of lineal feet of the road passing through his land was doubled and the total multiplied by the sum per foot which was assessable against the lands abutting on the improvement, and the total of plaintiff's assessment was placed against his entire tract, instead of separately against the two.   Plaintiff claimed that an assessment should be made against the four acres on the basis of its foot frontage and that the excess above 33 per cent of the taxation value should be perpetually enjoined.  In granting the plaintiff the relief prayed for, the Court of Appeals held:

1. Where strips of land on opposite sides of a road are separately assessed for the purpose of making public improvement on the highway, the assessment cannot be added together and charged upon the whole parcel of the land, even though the two tracts remain on the tax duplicate as an an entirety for the purpose of taxation.

Attorneys—Pigman & Homer, for Laughbaum; Chester A. Meck, for Flickinger et al.

---

No. 782

### COLE v. JENKINS, Exec.

Ohio Appeals, 8th District, Cuyahoga County
No. 4545.   Decided Sept. 24, 1923

**55B.  BILLS AND NOTES.**

(1) Accommodation on note not enforcible until negotiated—(2) Where the record discloses that accommodation note has not been negotiated no liability attaches.

SULLIVAN, J.

#### Epitomized Opinion

Cole made an accommodation note to a certain corporation in which defendant was a stockhold[er]

to appease and satisfy the creditors. The note was made payable to the plaintiff's testate. After the testate died the executor, Jenkins, brought suit on this note. The defense was one of consideration. The plaintiff attempted to show that the note was given in return for a promise from the testate to pay certain debts of the corporation. As the court rendered judgment against Cole, he prosecuted error. In reversing the judgment of the lower-court, the Court of Appeals held:

1. No obligation attaches to accommodation paper although complete in form until it is negotiated and has passed into the hands of a holder for value.

2. As the record disclosed that the note had not been negotiated and was accommodation paper only, the defendant was not liable thereon.

Attorneys—A. H. Fiebach, for Cole; J. B. Dworken, for Jenkins.